ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ADAM BARKL (CABN 349601)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3927
    FAX: (510) 637-3724
    adam.barkl@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) **CASE NO. 18-CR-00511 HSG** |
| v. | ) **JOINT MEMORANDUM ON FORM 12 DISPOSITION** |
| MALIK JACKSON, | ) |
| Defendant. | ) |

This matter is scheduled for October 11, 2023, at 2:00pm, for an admission and disposition hearing on the June 2, 2023 "Petition for Warrant for Person Under Supervision" ("Form 12"). At the hearing, the defendant will admit Charges One and Two of the Form 12. The parties submit this joint memorandum recommending a disposition of the matter.

**I.    Background**

The defendant was originally convicted of one count of 26 U.S.C. § 5861(d), possession of an unregistered firearm, and one count of 18 U.S.C. 922(g)(1), felon in possession of a firearm and ammunition. On November 12, 2019, the Court sentenced the defendant to 60 months' custody on each count, to run concurrently, with 36 months of supervised release. The defendant began supervised release

on October 25, 2022.

On June 2, 2023, the Probation Office filed the Form 12, which contains two charges arising from the same May 27, 2023, incident. Charge One alleges that the defendant violated the release condition that he not commit another federal, state, or local crime. Charge Two alleges that the defendant violated his release condition that he "not communicate or interact with someone you know is engaged in criminal activity" and "not associate, communicate, or interact with any person you know has been convicted of a felony, unless granted permission to do so by the probation officer."

The defendant will admit both charges. As to Charge One, the defendant will admit a violation of California Penal Code § 25400(a)(3)[1] and § 148(a)(1)[2].

## II. Recommended Sentence

The parties agree that the defendant's violations include Grade A violations of his supervised release, and that the defendant was in Criminal History Category VI at the time of his sentencing. The parties accept and agree that a Grade A violation therefore produces a guidelines range of eight to 33 to 41 months in custody, with up to three years' supervised release less any custody time served. U.S.S.G. §§ 7B1.4(a); 7B1.3(g)(2). Because the statutorily authorized maximum for the defendant's violations is two years, less than the minimum of the applicable range, that maximum term is substituted for the applicable range. 18 U.S.C. § 3583(e)(3); U.S.S.G. §§ 7B1.4(b)(1).

Pursuant to 18 U.S.C. § 3583(e), among the factors the Court may consider in determining whether to revoke a term of supervised release are: the nature and circumstances of the offense and the history and characteristics of the defendant; deterrence against criminal conduct; protection of the public from further

---

[1] A person is guilty of a violation of California Penal Code § 25400(a)(1) when he, "[c]auses to be carried concealed within any vehicle in which the person is an occupant any pistol, revolver, or other firearm capable of being concealed upon the person." A violation of § 25400 for a person previously convicted of a felony is punishable as a felony.

[2] California Penal Code § 148(a)(1) provides: "Every person who willfully resists, delays, or obstructs any public officer, peace officer, or an emergency medical technician . . . in the discharge or attempt to discharge any duty of his or her office or employment . . . shall be punished by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in a county jail not to exceed one year, or by both that fine and imprisonment."

JOINT MEMORANDUM ON FORM 12 DISPOSITION
18-CR-00511 HSG

crimes of the defendant; and the need to provide the defendant with educational, vocational training, medical care or other rehabilitation. *See* 18 U.S.C. § 3553(a).

The parties agree to and recommend a sentence of imprisonment of 21 months with 15 months of supervised release to follow. The nature and circumstances of the offense are severe, and the need to protect the public is a pertinent factor here. However, by admitting his violations the defendant is accepting responsibility. The 15 months of supervised release to follow the defendant's custodial sentence is sufficient to aid in the defendant's rehabilitation. The parties' recommended sentence is, in their joint view, sufficient but not greater than necessary to achieve the goals of sentencing.

The parties reached this agreement after consulting with the Probation Officer, who agrees that the sentence is appropriate.

Dated: October 3, 2023                                     /s/                            
                                                                    ADAM BARKL
                                                                    Assistant United States Attorney

Dated: October 3, 2023                                     /s/                            
                                                                    KAREN McCONVILLE
                                                                    Attorney for Defendant

JOINT MEMORANDUM ON FORM 12 DISPOSITION
18-CR-00511 HSG